IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN BRIENZO,

    Plaintiff,                        No. CIV S-06-0864 KJM

    vs.

MICHAEL J. ASTRUE,               ORDER
Commissioner of Social Security,

    Defendant.
_____/

        Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks fees based on 19.4 hours of attorney time in 2006 at the rate of $161.85 per hour, and 9.6 hours of attorney time in 2007 at the rate of $167.27 per hour.[1] Plaintiff also seeks fees based on 5.2 hours of paralegal time at the rate of $75.00, for a total of $5,135.67. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable.

---

[1] Plaintiff's original petition sought fees based on 6.6 hours of attorney time in 2007. It was supplemented by an additional request for fees based on 3 hours of attorney time spent researching and preparing the reply to defendant's opposition to the petition. Although this attorney time was spent in 2008, plaintiff requested reimbursement at the 2007 rate of $167.27 and it is this request the court considers. As a separate matter, plaintiff miscalculated her supplemental request by $219.47, a miscalculation the court has corrected as reflected above.

1

A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four based on the order of the court on cross-motions for summary judgment.  See Order filed March 30, 2007.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's

1  litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir.
2  1988).

3  Defendant contends the government's position was substantially justified.  In support of this contention, defendant cites a Ninth Circuit decision issued after all briefing on this case was submitted:  Hoopai v. Astrue, 499 F.3d 1071 (9th Cir. 2007).  In that case, the court affirmed the ALJ's finding that plaintiff's depression did not constitute a sufficiently severe non-exertional limitation to require vocational testimony at step five of the sequential evaluation.  Id. at 1076.  The ALJ's reliance on the Medical Vocational guidelines ("grids") was therefore found not to be in error.  Id.

Although there are factual similarities between Hoopai and the present case, this court did not remand for improper reliance on the grids.  Rather, here, the court noted unexplained  inconsistencies in the ALJ's evaluation of the medical evidence with regard to plaintiff's residual functional capacity ("RFC").  In particular, while the ALJ expressly credited and relied on the opinion of non-examining physician, Dr. Lon Gottschalk – the only psychiatric opinion credited by the ALJ – his RFC assessment did not reflect Dr. Gottschalk's opined limitations.  See Order filed September 28, 2007 at 4:19-5:26.  The ALJ failed to explain this inconsistency, which the court found undermined the legitimacy of the RFC assessment, as well as the hypothetical posed to the expert.  Furthermore, the ALJ fully credited the non-examining physician's opinion, but did not give specific and legitimate reasons for according significantly less weight to the medical opinion of examining physician Dr. Kalman  See id. at 9:14-11:5.  The ALJ's treatment of these medical opinions was in error and undermined the legitimacy of  the hypothetical posed to the vocation expert.

These issues were distinct from those raised in Hoopai.  Here, the ALJ's failure to provide an accurate characterization of the record and properly evaluate the medical opinions was not substantially justified.  See, e.g., Sampson v. Chater, 103 F.3d 918 (9th Cir. 1996) (position not justified where ALJ mischaracterized medical evidence and failed to take adequate account

3

of testimony); see Andrew, 837 F.2d at 880 (where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified).  Having reviewed the transcript, briefing on the cross-motions for summary judgment and the order granting remand in this case, the court has determined defendant's position was not reasonably based in either law or fact.  Fees under the EAJA will therefore be awarded.

### B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends that the hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues that any additional costs incurred by having three attorneys, instead of one, work on this case should be excluded.  For example, defendant objects to the time spent by attorney Ann M. Cerney in reviewing the brief written by another attorney.  This argument is not well-taken.  There is nothing objectionable to lawyers collaborating on a case and, within reason, each billing for their time.  Moreover, the court notes that Ms. Cerney signed the briefs in this case and therefore, at a minimum, was required to review the document she was signing.

Defendant also objects to specific entries for instructing support staff on filing documents or obtaining extensions, and to paralegal time that was primarily "secretarial" in nature.  The Commissioner asserts that these tasks are not ones traditionally performed by an attorney.  See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (holding that a prevailing party may recover fees only for work an attorney traditionally performs); Granville House v. Dep't of Health, Educ. and Welfare, 796 F.2d 1046, 1050 (8th Cir. 1986), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987) (holding that an attorney could not recover fees for work which could
/////

have been done by support staff). Having carefully reviewed the pending petition, the court is of the opinion that these tasks are normally carried out in litigation and are compensable.

In conclusion, in reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, as well as scrutinizing the time expended on tasks as set forth in plaintiff's attorney's schedule of hours, the court has determined the hours claimed are reasonable. The court has examined closely the hours claimed by counsel and finds no reason to believe they are inflated. Counsel therefore will be paid for the claimed hours of attorney and paralegal time spent in the prosecution of this action.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 12, 2007, motion for EAJA fees is granted. Plaintiff is awarded attorneys' fees pursuant to the EAJA in the amount of $5,135.67.

DATED: April 10, 2008.

_____
U.S. MAGISTRATE JUDGE

brienzo.eaja